UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAUL DOUGLAS WAGGONER,
    Plaintiff,

vs.                                  Case No.: 3:22cv7858/TKW/ZCB

DEFUNIAK SPRINGS CITY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff commenced this action in the Circuit Court of the First Judicial Circuit of Florida on May 11, 2022 against four Defendants—(1) DeFuniak Springs City, (2) James Hurley, (3) Michael Adkinson (Sheriff of Bay County), and (4) the Walton County Courthouse. (Doc. 1-2). On June 9, 2022, Defendant Adkinson removed this action to federal court under 28 U.S.C. §§ 1331, 1441, and 1443. (Doc. 1 at 2). All four Defendants have now moved to dismiss the complaint. (Docs. 5, 9, 13). Despite several opportunities, Plaintiff has not responded to the motions to dismiss. (Doc. 10, 14, 19).[1] For the reasons below, Defendants' motions to dismiss should be granted.

---

[1] Plaintiff has not responded in opposition to the motions within fourteen days as required by Local Rule 7.1(E). That failure alone could provide the Court with grounds for dismissal. *See* N.D. Fla. Loc. R. 7.1(H) ("The Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule."). Nevertheless, because Plaintiff is proceeding *pro se* the Court will consider the motion on its merits.

1

I.  Discussion

Defendants argue that the complaint (Doc. 1-2) should be dismissed because it is an impermissible shotgun pleading that violates the Federal Rules of Civil Procedure. (Docs. 5, 9, 13). The Court agrees the complaint is a shotgun pleading that is disjointed and nearly impossible to follow.[2]

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). And Rule 10(b) requires a plaintiff to "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And district courts have the "authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The Eleventh Circuit has explained that there are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that

---

[2] Because the Court agrees the complaint is subject to dismissal as a shotgun pleading, it is unnecessary to address any other arguments raised in the motions to dismiss.

came before and the last count to be a combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324-25 (cleaned up). What all four types of shotgun pleadings have in common is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). And dismissing shotgun pleadings (or requiring a more definite statement) is necessary because "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together" a plaintiff's claims. *Barmapov*, 986 F.3d at 1327-28 (Tjoflat, J., concurring).

Plaintiff's complaint falls into three of the four categories of shotgun pleadings. First, it contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Barmapov*, 986 F.3d at 1325. The complaint is largely a stream of consciousness rehashing of various events that appear to stem from Plaintiff's child custody battle in state court. The complaint

3

talks about HIPPA and attacks on health care providers (Doc. 1-2 at 3), an alleged assault by a private attorney who bumped into Plaintiff while at the Walton County Courthouse (*id.* at 4), a bailiff who allegedly followed Plaintiff to the Health Department (*id.* at 5), Plaintiff's attempts to contact a state court judge's chambers (*id.* at 7), Plaintiff's mistreatment by the public defenders (*id.* at 11), and alleged threats from the mother of Plaintiff's child (*id.* at 12). Those are just a handful of examples of the immaterial information contained in the complaint. And even those "allegations that are material are buried beneath [] pages of rambling irrelevancies," *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Neither the Court nor Defendants should be required to "sift through the facts presented and decide for [themselves] which [are] material to the particular cause of action asserted." *Beckwith v. Bellsouth Telecomm. Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005).

Moreover, the complaint contains conclusory allegations with no supporting explanation. Plaintiff repeatedly asserts that Defendants violated his "civil and constitutional rights," and the complaint cites to 42 U.S.C. § 1983 several times. (Doc. 1-2 at 2, 3, 4, 6, 8, 10, 12). Yet the complaint fails to link any specific facts to his federal claims or explain how any of the events discussed in the complaint relate to violations of federal law. For example, the complaint states:

- "My Civil and Constitutional Rights were violated and I wish form [sic] proper accountability where and how it applies." (*Id.* at 2).

4

- "Walton county and Defuniak Springs employees have carried out criminal actions against me as well as violations of my civil and constitutional Rights on many occasions spanning the past 2.5/3 years. As well as maliciously participated in alienating me and my children." (*Id.* at 3).

- "Section 1983 Assault inside Walton County Courthouse Threatened by Armed Bailiff Protecting my Assailant (Elizabeths attorney)." (*Id.* at 4).

- "Section 1983 DCF and WCSO Armed Threat of Kidnapping and WCSO Assault with Firearm while Trespassing." (*Id.* at 12).

As for Plaintiff's constitutional claims, there is no citation to any particular constitutional provisions or any explanation as to what constitutional rights were violated and how. Plaintiff's complaint plainly fails to identify any right, privilege, or immunity secured by the Constitution or federal law that Defendants violated, as required to state a claim under 42 U.S.C. § 1983.

Second, the complaint "does not separate each cause of action or claim for relief into a different count." *Barampov*, 986 F.3d at 1325 (internal quotations omitted). Indeed, Plaintiff's complaint contains no "numbered paragraphs." Fed. R. Civ. P. 10(b). Instead, it is a jumbled conglomeration of facts, citations, and allegations. Plaintiff spreads (what appear to be) his causes of action throughout his seventeen-page complaint. Here is an example:

> Attorney and Dep. Burch
>
> During the second recess she walked in the courtroom asking the bailiffs if they had seen her files and then asking the clerks the same. She then turned and walked towards me. Where I had been standing

with arms crossed the whole time in fear I was going to be hit again or hurt. She asked me "Did you take my files?" I stared and kept quiet. She asked again "Sir, I ask you a question. Did you take my files?" I stated "I don't believe it appropriate you address me without my attorney and judge present."

At that point Dep. Laura Burch darted towards me grabbing for her cuffs and grasping her gun. She ordered me, stating "She asked you a question, answer!" I said No, but I will be calling my attorney as the courtroom flooded with more cops. I then said 'I don't feel safe and I'm leaving."

**775.087 Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence.—**
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree.

(Doc. 1-2 at 4). Because of how the complaint is drafted, it is difficult—if not impossible—to determine just how many claims are being brought, what those claims are, and against whom they are being brought.

Third, Plaintiff's complaint "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1325 (cleaned up). Instead of clearly identifying what claims

6

are being brought against which Defendants, everything is mixed together in a mass of words and citations without any differentiation between claims and Defendants. Additionally, portions of the complaint make accusations against individuals who have not been named as Defendants. For example, there are references to actions allegedly taken by a private attorney (Doc. 1-2 at 4), the mother of Plaintiff's child (*id.* at 4, 12-13), Melissa Mulbach (*id.* at 8), Judge Lewis (*id.* at 7, 9), Elizabeth (*id.* at 10), and public defenders (*id.* at 11). None of them are Defendants. (*See id.* at 1).

Plaintiff's complaint is a classic shotgun pleading. It fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (internal quotations omitted). The Court should, therefore, dismiss the complaint as a shotgun pleading. Consistent with Eleventh Circuit caselaw, Plaintiff should be provided with one opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Florida. *See id*. (explaining that the district court should "give the plaintiff at least one opportunity to re-plead the complaint" before it is dismissed as a shotgun pleading).

## II. Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1. Defendants' motions to dismiss, (Docs. 5, 9, 13), be **GRANTED**; and

7

2.   Plaintiff be provided with 14 days from the date of the District Judge's order regarding this recommendation to file an amended complaint.

At Pensacola, Florida, this 30th day of January 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**